# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| North American Rescue, Inc., | : | |
| | : | |
| Plaintiff, | : | Case No. 2:09-cv-255 |
| | : | |
| v. | : | Judge Frost |
| | : | |
| Bound Tree Medical, LLC, | : | Magistrate Judge King |
| | : | |
| Defendant. | : | |

## AGREED STIPULATION AND PROTECTIVE ORDER

WHEREAS, certain information and documents which have been and may be sought, produced, or exhibited by and among the parties to the above-captioned proceeding (the "Proceeding") relating to the parties' financial information, competitive information, personnel information or other kinds of sensitive information, including, without limitation, information relating to the personal and financial information of non-parties, may be deemed confidential by the party making the production under the terms set forth below;

IT IS HEREBY ORDERED that:

1. **Scope of Order**. Any party in this Proceeding (the "Supplying Party") shall, through counsel, have the right to identify and designate as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY - CONTROLLED COPY – DO NOT REPRODUCE" any document, other materials, or information it produces or provides to any other party (the "Receiving Party") whether pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, pursuant to subpoena or by agreement between the Supplying Party(ies) and the Receiving Party(ies) or otherwise, or any testimony given in this Proceeding, which testimony or discovery material is

believed by that Supplying Party to constitute, reflect or disclose his, hers, or its Confidential Information as defined herein (the "Designated Materials").  This Order shall govern all Designated Materials.  This Order is binding upon all parties to the Proceeding and their respective attorneys, agents, representatives, officers and employees and others as set forth in this Order.

2. **<u>Disclosure in Proceeding by Third Parties</u>**.  Third parties who produce or disclose information in this Proceeding, whether revealed in a document, deposition, discovery response or otherwise, who so elect may avail themselves of the protections of this Order and thereby become Supplying Parties for purposes of this Order if they agree to be bound by its terms and conditions.

3. **<u>Definition of "Confidential Information."</u>**  "Confidential Information" as used herein means information that the Supplying Party reasonably and in good faith believes contains or reveals (i) trade secrets; (ii) the Supplying Party's financial information; (iii) projected or actual revenues or income data; (iv) information concerning competitors; (v) information about existing and potential customers and licensees; (vi) confidential and proprietary information about affiliates, parents, subsidiaries and third parties with whom the parties to this action have had business relationships; and, (vii) other information that any party reasonably and in good faith treats as confidential in the usual and ordinary course of its business, whether it is information contained in a document, information revealed during a deposition or other pretrial testimony, information revealed in an interrogatory answer or information otherwise revealed.  Confidential Information shall expressly exclude that which is public knowledge through no fault of the parties, their counsel, or any of the persons referenced in Paragraph 6, *infra* or is otherwise

obtained through sources and means independent of and without reference to the Confidential Information.

4. **<u>Designation of Confidential Information</u>**.

Any information produced in this action that is reasonably believed by the Supplying Party to contain Confidential Information may be designated as "CONFIDENTIAL" " or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY - CONTROLLED COPY – DO NOT REPRODUCE" as appropriate in light of the following guidelines:

A. **<u>"Confidential - Attorneys Eyes Only"</u>**

Confidential Information designated as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall be reserved for (a) sales or product or service development strategies, tactics, projections, or forecasts; (b) agreements, licenses, purchase orders, invoices, or other sales documents; (c) product or service research and development; (d) customer names and addresses; (e) suppliers or service providers names and addresses and agreements, licenses, purchase orders, invoices, or other procurement documents; (f) the numeric quantifications of the Supplying Party's sales, revenues, costs, expenses, profits, earnings or market shares; and (f) Confidential Information that the Supplying Party reasonably and in good faith believes contains or reveals information the disclosure of which to the parties, as opposed to counsel, would cause harm.

B. **<u>"Confidential- Attorneys' Eyes Only- Controlled Copy- Do Not Reproduce"</u>**

Confidential Information, including that which falls within the scope of Section 4 (A), which contains information of, among others, the United States military and which concerns (i) credit facilities and credit card or CID information; (ii) location of shipments; (iii) items ordered; and (iv) communications associated with the orders and shipments may be designated as

"Confidential-Attorneys' Eyes Only-Controlled Copy-Do Not Reproduce". Should the Receiving Party wish to make copies of such Confidential Information it should first advise the Supplying Party of its request to do so and then each page of the documents shall be designated as "Confidential- Attorneys' Eyes Only- Controlled Copy- Do Not Reproduce". For each copy set made, a designation of "CONTROLLED COPY SET 1/X" wherein the "X" represents the number of copies being made shall be clearly affixed to the front page of the copy set. Any third party copy service utilized for the purpose of making such controlled copies shall sign an acknowledgement, to be made available to the Supplying Party upon request that no additional copies outside of the controlled copies are to be made.

  C. **"Confidential"**

Confidential Information that falls outside the scope of Section 4 (A) and (B) shall be designated as "Confidential."

  D. **Procedure for Designation**

  (a) **Printed Materials**. For printed materials, each page of the document in which the Supplying Party claims Confidential Information appears shall be clearly and prominently marked with the legend "CONFIDENTIAL", "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY - CONTROLLED COPY – DO NOT REPRODUCE", as appropriate.

  (b) **Electronic Materials**. Data produced in electronic form may be designated as Confidential Information by marking the disk, tape, or other storage medium with the appropriate "CONFIDENTIAL", "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY - CONTROLLED COPY – DO NOT REPRODUCE" legend. In addition, the Supplying Party shall, to the extent reasonably possible,

add the legend to the electronic file such that any printout of the file contains the legend. If the Receiving Party prints out electronic data which is Designated Material but which does not contain the appropriate legend on the printout, the Receiving Party shall affix the appropriate legend to each page of such printout.

(c) **<u>Deposition Transcripts</u>**. A party (or its counsel) may designate deposition or other testimony as "CONFIDENTIAL", "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY - CONTROLLED COPY – DO NOT REPRODUCE" by a statement to such effect on the record, with reasonable precision as to the affected testimony, during the taking of the deposition. The reporter transcribing the deposition shall bind the transcript thereof in separate portions containing the un-designated portion, and the designated portion, and the reporter shall write or stamp the words "CONFIDENTIAL", "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY - CONTROLLED COPY – DO NOT REPRODUCE" as appropriate, on the cover of the relevant portions of the transcript, provided, however, that the parties may modify this procedure for any particular deposition through agreement on the record at such deposition, without further Court order.

(d) **<u>Subsequent Designation</u>**. Any Supplying Party may designate as "CONFIDENTIAL", "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY - CONTROLLED COPY – DO NOT REPRODUCE" Confidential Information that has already been produced by that party by sending written notice as soon as possible to all persons to whom such documents have been disclosed of such designation, specifying the documents to be designated as Confidential Information by Bates number or detailed description.

With respect to depositions, the Supplying Party may send written notice to all persons to whom the testimony has been disclosed within twenty (20) business days of receipt of the transcript of a deposition, designating, by page and line, the portions of the transcript of the deposition or other testimony to be treated as Confidential Information. Each party shall attach a copy of such written designation to the face of the transcript and each copy thereof in that party's possession, custody or control. If any ambiguity arises in the course of this Proceeding concerning the portions of a deposition designated as "CONFIDENTIAL", "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY - CONTROLLED COPY – DO NOT REPRODUCE" counsel for the parties shall work together in good faith to resolve any such ambiguity. If any such ambiguity is identified in writing and with particularity to the party making the confidentiality designation, said party shall promptly respond in writing and with particularity, including, as necessary, confidentiality designations made by line and page number.

Upon any such subsequent designation, the Designated Material shall be protected within the meaning of Rule 26 of the Federal Rules of Civil Procedure, and any copies, excerpts, summaries or other disclosures of the substance or contents of such Designated Material shall be protected in accordance with the terms of this Order and any other Order of the Court.

5. **Objections to Designations**. A Receiving Party shall not be obligated to challenge the propriety of the designation of Confidential Material as "CONFIDENTIAL", "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY - CONTROLLED COPY – DO NOT REPRODUCE" at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If a Receiving Party challenges such a designation, it shall send or give written notice to the Supplying Party of such

challenge and clearly state the basis for the challenge. Service of the objection shall be complete upon mailing. A copy of the notice shall be provided to Supplying Party's counsel by electronic mail at the time of mailing the notice setting forth the challenge to such designation. The parties shall attempt to resolve the challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously resolved, the Receiving Party making the challenge may seek an informal telephone conference with the Court pursuant to Local Rule 37.1. Should resolution of the challenge not be achieved, the party wishing to remove confidential status may present a motion to the Court claiming non-confidential status. Such motion must be filed no later than thirty (30) calendar days after the date of the service of the objection.

The Designated Material at issue shall continue to be treated as "CONFIDENTIAL" "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY - CONTROLLED COPY – DO NOT REPRODUCE" as appropriate, and subject to the terms of this Order until the challenge has been resolved by an agreement of counsel or the Court orders otherwise. The Supplying Party or party asserting the designation of "CONFIDENTIAL" "CONFIDENTIAL – ATTORNEYS' EYES ONLY"or "CONFIDENTIAL – ATTORNEYS' EYES ONLY - CONTROLLED COPY – DO NOT REPRODUCE" shall bear the burden of persuasion on this issue.

6. **Disclosure of Confidential Information**. Confidential Information may be disclosed by the Receiving Party only to the following persons:

   a. counsel employed by the Receiving Party to assist in the Proceeding; the attorneys, paralegals and stenographic and clerical employees in the respective law firms of such counsel who are assisting in the Proceeding; and the personnel supplied by any independent contractor with whom such attorneys work in

connection with the Proceeding (including copying and litigation support service personnel);

b. all Receiving Parties, and their affiliates, directors, officers, managers, representatives, insurers, and employees, including in-house counsel, as outside counsel for that party deems necessary for the sole purpose of assisting in this Proceeding, except that materials designated "Confidential – Attorneys' Eyes Only" may not be disclosed to anyone in this subparagraph (b) except for in-house counsel;

c. any outside consultant or expert who is assisting counsel or a party to the Proceeding to whom it is necessary to disclose Confidential Information for the sole purpose of assisting in or consulting with respect to the preparation of this Proceeding;

d. persons noticed for depositions or designated as trial witnesses, or persons a party reasonably and in good faith believes may be noticed for depositions or designated as trial witnesses, to the extent reasonably necessary to testify (such persons shall not retain or copy the Confidential Information, or portions of the transcript of their depositions that contain the Confidential Information, if such information was not provided by them or the entities they represent);

e. the Court and any members of its staff to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court in this Proceeding; and

f. stenographic employees and court reporters recording or transcribing testimony relating to the Proceeding.

Prior to the disclosure of any Designated Material to any person identified in paragraphs 6(c) or 6(d) above, such person shall be provided with a copy of this order, which he or she shall read before signing a Certification, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Order and shall abide and be bound by its terms. Outside counsel for the party obtaining such signed Certifications shall maintain them in a file and shall make the file promptly available, upon reasonable request, for inspection by the Court or the parties. Persons who come into contact with Designated Material solely for clerical or administrative purposes *(e.g.,* copy services), and who do not retain copies or extracts thereof, are not required to execute Certifications.

7. **Disclosure to Persons Not Otherwise Authorized**. If Designated Material is disclosed to any person other than in the manner provided by this Order, the party responsible for the disclosure shall (without waiver of any of the remedies that the Supplying Party may have hereunder), immediately upon learning of such disclosure, inform the Supplying Party and request the return of the Designated Material and any copies thereof from each unauthorized person who received such Designated Material.

8. **Exceptions**.

Nothing shall prevent disclosure otherwise prohibited by this Order if the Supplying Party designating the material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY - CONTROLLED COPY – DO NOT REPRODUCE" (or its counsel) consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders or permits such disclosure.

Nothing contained in this Order shall preclude any party from using its own Confidential Information in any manner it sees fit, without prior consent of any party or the Court or in any

way restricts the right of any party to use, for any purpose, documents or information (a) now lawfully in that party's possession, (b) obtained by lawful means other than pretrial discovery or trial subpoena in this action, or (c) that are or become publicly available.

The limitations contained in this Order shall not apply to any disclosure of documents, or the contents thereof, to persons who were the authors or addressees of those documents, or who actually received copies.

9. **Information and Testimony in the Norton Litigation and U.S. District, Southern District Of Ohio, Eastern Division cs. # 2:08-cv-0101.** The Court is aware that the Franklin County Common Pleas Court entered a protective order in the case of *Bound Tree Medical v. Kimberly Norton*, Case No. 06-CVH-07-887. This protective order is not intended to supersede the state court protective order. The state protective order remains in full force and effect (as determined by the state court), and any issues as to whether testimony and/or the transcript in the state court proceeding should be sealed shall be determined by the state court. The Court and parties are also aware of a protective order entered in the matter of *North American Rescue Products, Inc. v. Bound Tree Medical, LLC, cs # 2:08-cv-0101*. That protective order also remains in full force and effect however, in the interest of judicial economy, it is agreed by the parties that any confidential information disclosed in cs # 2:08-cv-0101 may also be used, subject to the applicable rules of procedure and evidence, in connection with the prosecution, defense or appeal of this Proceeding.

10. **Limited Use and Disclosure of Confidential Information**. Subject to the provisions of paragraph 9 above, any confidential documents or information disclosed in this Proceeding, shall be used only in connection with the prosecution, defense, or appeal of this Proceeding and shall not be used for any other purpose. The parties shall conform their

respective use(s) of other documents or information disclosed in this Proceeding to the requirements of this Order, the law and the Federal Rules of Civil Procedure.

11. **Making Copies of Discovery Material**.  No copies of Confidential Information shall be made except by or on behalf of counsel of record in this case.  Counsel of record shall ensure that all copies of Confidential Information remain within their possession or the possession of those entitled to access to this Information under this Order.

12. **Protecting Confidential Information at Depositions**.  No person may refuse to answer any questions at a deposition on the sole ground that the question requires the person to reveal Confidential Information.  Depositions shall proceed upon the following basis:  prior to answering the deposition question or questions, all persons present other than counsel of record shall be advised of and shall agree to the terms and conditions of this Order and, at the request of the designating party, all persons not authorized to receive Confidential Information under this Order shall leave the room during the time in which this Confidential Information is disclosed or discussed.

13. **Use of Confidential Information in Court Pleadings**.  Confidential Information shall not be disclosed in any pleading, motion, deposition, transcript or other paper that is filed with this Court or any court of law except as necessary for the prosecution, defense or appeal of this Proceeding.  If a document containing Confidential Information must be disclosed in a filing with this Court or any court of law, said filing must be made conventionally, rather than electronically, with all Designated Materials being in sealed envelopes or other appropriate sealed containers which shall indicate the nature of the contents of the sealed envelope or other container and a statement substantially in the following form:

**THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION COVERED BY A PROTECTIVE ORDER OF THIS COURT AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT PROTECTIVE ORDER.**

Said Designated Material and/or other papers shall be kept under seal; however, said Designated Material and other papers filed under seal shall be available to the Court and counsel of record, and to all other persons entitled to receive the Designated Material contained therein under the terms of this Order.

14. **Use of Confidential Information at Hearings or Trial**. All objections as to admissibility into evidence of the discovery material subject to this Order are reserved until the hearing and trial of this case. The use of Confidential Information as evidence at the trial of this case shall be subject to an order of the Court as may, at the time, be reasonably necessary to preserve the confidentiality of the material involved.

15. **Return of Discovery Materials**. Upon the conclusion of the Proceeding, including any appeals related thereto, at the written request of the Supplying Party, and at the Supplying Party's cost, all Designated Material and any and all copies thereof shall be returned within sixty (60) calendar days of such request to the Supplying Party; provided, however, that counsel may retain their attorney work product and all court-filed documents even though they contain Confidential Information. Such retained work product and court-filed documents shall remain subject to the terms of this Order. In the alternative, the Supplying Party or the Receiving Party may elect to have the Designated Material destroyed. At the written request of the Supplying Party, any person or entity having custody or control of recordings, notes, memoranda, summaries or other written materials, and all copies thereof, relating to or

containing Designated Material shall deliver to the Supplying Party a written certification that diligent efforts have been made to assure that all such Designated Material and any copies thereof, any and all records, notes, memoranda, summaries or other written material regarding the Designated Material (except for attorney work product and court-filed documents as stated above), have been destroyed or delivered in accordance with the terms of this Order.

16. **No Waiver**.  In the event that a party produces documents that are subject to a legal privilege or doctrine, such production shall not be deemed a waiver of the privilege or doctrine, and shall be deemed to have been produced inadvertently or unintentionally.  Upon demand by the Supplying Party, such documents must be returned and all copies are to be destroyed, and such documents may not be used for any purpose unless otherwise agreed by the parties or ordered by the Court.  Any party may challenge the assertion of privilege by another party at any time.  The party asserting the privilege and the benefits of this paragraph shall have the burden of proving that the information or document is privileged.

The designation pursuant to this Order by counsel for the Supplying Party of any material as constituting or containing Confidential Information is intended to facilitate the preparation and trial of this case, and such designation shall not be construed in any way as an admission or agreement by any other party that the designated information constitutes or contains any trade secret or confidential information as contemplated by law.

Nothing herein shall be construed to affect in any manner the discoverability, relevance or admissibility of any document, testimony, or other evidence.

17. **Care of Confidential Information**.  Except as provided above, documents containing Confidential Information shall at all times be kept in the custody, control, and possession of each party's counsel of record.  Counsel shall take all reasonable and necessary

steps to ensure the security of any Confidential Information and will limit access to Confidential Information to those persons listed in paragraph 6 of this Order. Each person entitled to access to Confidential Information shall first be advised by counsel making the disclosure that, pursuant to this Order, the person may divulge Confidential Information only to those persons entitled to knowledge of Confidential Information under this Order, and may discuss such Confidential Information only for the purpose of preparing for litigation of this matter.

Further, Counsel for Supplying Party may redact materials deemed exempt from discovery due to the attorney-client privilege or work product immunity afforded by Rule 26 of the Federal Rules of Civil Procedure. Any document from which material is redacted must reasonably identify the occurrence of such redaction. The reason for any such redaction must be set forth in a log as provided for in Civ.R. 26.

18. **<u>Subpoena by Other Tribunal or Agencies</u>**. Any party to the Proceeding that is served with a subpoena or other notice by a non-party in another proceeding requesting or compelling the production of any Designated Material produced by a Supplying Party in this Proceeding shall give immediate written notice to that original Supplying Party of such subpoena or other notice and shall cooperate with the Supplying Party in protecting the Designated Material from disclosure. While a motion for protective order is pending, the requested material shall not be produced. Provided however, if notice is not permitted by applicable law or order, this provision shall not require a party to violate same.

19. **<u>Right to Seek Modification</u>**. The entry of this order does not prevent any party from seeking a further order of this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Southern District of Ohio, including without limitation, an order which interprets or applies the terms of this Order.

The terms of this order may be amended or modified by written agreement of the parties (subject to the Court's approval), or upon further order of the Court.

20. **Termination**. This order shall continue in force until amended or superseded by express order of the Court. The termination of proceedings in this action, to include the exhaustion of all appeals, shall not relieve the persons described above from the obligation of maintaining the confidentiality of all Confidential Information received pursuant to this Order, unless this Court or other court, orders or permits otherwise.

21. **Binding Contract**. The Parties acknowledge and agree that the foregoing Order is also a binding contract between them, and breaches thereof shall be separately enforceable at law and in equity.

**It is so ordered:**

Dated this 23rd day of September 2009.        s/Norah McCann King
                                                              Magistrate Judge
                                                              United States District Court

APPROVED:


HARRIS, MCCLELLAN, BINAU & COX PLL


/s/ Garth G. Cox
Garth G. Cox (0017677) gcox@hmbc.com
Emily J. Jackson (0078425) ejackson@hmbc.com
37 West Broad Street, Suite 950
Columbus, Ohio 43215
(614) 464-2572; (614) 464-2245
Attorney for Plaintiff
North American Rescue, Inc.


/s/ David A. Whitcomb
David A. Whitcomb (0060059) dwhitcomb@bakerlaw.com
BAKER & HOSTETLER, LLP
65 E. State Street, Suite 2100
Columbus, Ohio  43215
(614) 228-1541
(614) 462-2616 – Fax
Attorneys for Defendant
Bound Tree Medical LLC
Richard J. Barber

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| North American Rescue, Inc., | : | |
| | : | |
| Plaintiff, | : | Case No. 2:09 cv 255 |
| | : | |
| v. | : | Judge Frost |
| | : | |
| Bound Tree Medical, LLC, | : | Magistrate Judge King |
| | : | |
| Defendant. | : | |

**CERTIFICATION**

The undersigned hereby acknowledges that he or she has carefully read the Order of Confidentiality filed in the above-captioned actions on _____, 2009, understands the terms thereof, and agrees to comply with all of the provisions of the Order. The undersigned will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use except for purposes of this action, any information designated "CONFIDENTIAL" which he or she receives in this action, except to the extent that such information is or becomes public information in accordance with the Order.

The undersigned further agrees to submit to the jurisdiction of the Court and understands that the Court may impose sanctions for any intentional violation of the Order of Confidentiality.

The undersigned declares under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____    _____
Date                                Signature

                                    _____
                                    Name (typed or printed)

                                    Address:

                                    _____

                                    _____

                                    _____